**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4493**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MICHAEL BRYANT,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:15-cr-00716-RBH-1)

Submitted:  February 28, 2017      Decided:  March 28, 2017

Before SHEDD, DIAZ, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kimberly H. Albro, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant.  Beth Drake, Acting United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Bryant appeals his jury conviction for possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). On appeal, Bryant contends the district court should have granted his motions for a mistrial and for judgment of acquittal. Specifically, he argues the Government breached a pretrial agreement precluding evidence, and the prejudice could not be cured by the district court's curative instruction. He further contends the evidence was insufficient to prove that he possessed the firearm and to support his conviction. We affirm.

We review a district court's denial of a motion for a mistrial for abuse of discretion. *United States v. Johnson*, 587 F.3d 625, 631 (4th Cir. 2009) (citation omitted); *United States v. Wallace*, 515 F.3d 327, 330 (4th Cir. 2008) (citations omitted). "An abuse of discretion exists if . . . the defendant [can] show prejudice; no prejudice exists, however, if the jury could make individual guilt determinations by following the court's cautionary instructions." *Wallace*, 515 F.3d at 330 (internal quotation marks and citation omitted).

We review a district court's denial of a motion for judgment of acquittal de novo. *United States v. Hassan*, 742 F.3d 104, 139 (4th Cir. 2014). "Applying that standard, it is well settled that '[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to

2

the [g]overnment, to support it." Id. (quoting Glasser v. United States, 315 U.S. 60, 80 (1942)). "[S]ubstantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted). "Simply put, a defendant challenging the sufficiency of the evidence faces a heavy burden." Id. (internal quotation marks and citation omitted).

"'To show a § 922(g)(1) violation, the government must prove three elements: (i) that the defendant was a convicted felon at the time of the offense; (ii) that he voluntarily and intentionally possessed a firearm; and (iii) that the firearm traveled in interstate commerce at some point.'" United States v. Adams, 814 F.3d 178, 183 (4th Cir. 2016) (quoting United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001)). "[Section] 922(g)(1) does not require proof of actual or exclusive possession; constructive or joint possession is sufficient." Gallimore, 247 F.3d at 136-37 (citations omitted). "The Government may prove constructive possession by demonstrating that the defendant exercised, or had the power to exercise, dominion and control over the item." Id. at 137 (internal quotation marks and citation omitted).

We have reviewed the record and conclude that the district court did not abuse its discretion in denying Bryant's motion

3

for a mistrial, and the evidence was sufficient to support his conviction.  We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED