**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4235**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDREW LEE THOMPSON, II, a/k/a Slim,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:17-cr-00168-CMH-1)

Submitted:  October 31, 2018                                Decided:  November 6, 2018

Before MOTZ and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Alan H. Yamamoto, Alexandria, Virginia, for Appellant.  G. Zachary Terwilliger, United States Attorney, Maureen C. Cain, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Lee Thompson II pleaded guilty, pursuant to a plea agreement, to sex trafficking of a minor, in violation of 18 U.S.C.A. §§ 1591(a)(1), (b)(2), (c) (West Supp. 2018), 18 U.S.C. § 2 (2012). He received a 300-month sentence. On appeal, he contends that the district court abused its discretion in denying his motion to withdraw his guilty plea and challenges the application of several enhancements under the Sentencing Guidelines. The Government argues that Thompson's claims of sentencing error are barred by the appellate waiver contained in his plea agreement. We affirm in part and dismiss in part.

We review for abuse of discretion the denial of a motion to withdraw a guilty plea. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). "A defendant has no absolute right to withdraw a guilty plea, and the district court has discretion to decide whether a fair and just reason exists upon which to grant a withdrawal." *Id.* at 383-84 (internal quotation marks omitted); *see* Fed. R. Crim. P. 11(d)(2)(B). "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." *Nicholson*, 676 F.3d at 384 (internal quotation marks omitted). "Thus, when a district court considers the plea withdrawal motion, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *Id.* (internal quotation marks omitted). "[A] properly conducted Rule 11 guilty plea colloquy . . . raises a strong presumption that the plea is final and binding." *Id.* (brackets, citation, and internal quotation marks omitted). "When considering a defendant's motion to withdraw his guilty plea, the court may also consider other circumstantial factors that

2

relate to whether the defendant has advanced a fair and just reason." *Id.* (internal quotation marks omitted). These factors include:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources.

*Id. United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

Upon review of the record, we conclude that the district court properly conducted the Rule 11 colloquy and that none of the factors weighs in favor of permitting Thompson to withdraw his guilty plea. Thus, we conclude that the district court did not abuse its discretion in denying Thompson's motion.

Next, Thompson raises numerous sentencing errors on appeal. The Government contends, however, that these claims are barred by the appellate waiver in Thompson's plea agreement. We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). "A criminal defendant may waive the right to appeal if that waiver is knowing and voluntary." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Thompson knowingly and voluntarily pleaded guilty and waived his right to appeal his sentence and that the issues Thompson seeks to raise on appeal fall squarely within the scope of his waiver of appellate rights. Thus, we conclude that the appellate waiver is valid and enforceable, and we dismiss Thompson's claims of sentencing error as barred by the appellate waiver.

Accordingly, we affirm in part the judgment of the district court and dismiss the appeal of Thompson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*