**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4436**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

         v.

JEROME ROBERT BARNHART,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony J. Trenga, District Judge.  (1:15-cr-00270-AJT-1)

Submitted:  February 13, 2017          Decided:  March 24, 2017

Before TRAXLER, KING, and DIAZ, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Michael C. Sprano, THE SPRANO LAW FIRM, Fairfax, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Michael J. Frank, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Robert Barnhart appeals the district court order denying his motion to withdraw his guilty plea. Barnhart also appeals his sentence of 264 months of imprisonment for kidnapping, in violation of 18 U.S.C. § 1201(a), (d) (2012). We affirm in part and dismiss in part.

We review for an abuse of discretion the denial of a motion to withdraw a guilty plea. United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012). To withdraw a guilty plea before sentencing, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The defendant bears the burden of demonstrating that withdrawal should be granted." United States v. Thompson-Riviere, 561 F.3d 345, 348 (4th Cir. 2009) (alteration and internal quotation marks omitted). Where the district court substantially complied with the Rule 11 requirements, the defendant must overcome a strong presumption that his guilty plea is final and binding. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

We have developed a nonexclusive list of factors for district courts to consider when deciding whether the defendant has met this burden:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the

2

motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether [withdrawal] will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). The first factor is perhaps the most important, as "the fairness of the Rule 11 proceeding is the key factor in the review of the denial of a motion to withdraw a guilty plea." United States v. Wilson, 81 F.3d 1300, 1306 (4th Cir. 1996).

With respect to the first factor, we conclude that the district court did not abuse its discretion in finding that Barnhart entered a knowing and voluntary plea. Barnhart claims that he was pressured into pleading guilty by his attorneys. Yet there is no evidence, other than Barnhart's assertion, suggesting that Barnhart's plea was not knowingly and voluntarily made. Our review of the record convinces us that the court conducted a thorough Rule 11 proceeding. Importantly, Barnhart acknowledged that he had read and understood the plea agreement and confirmed that nobody made any threats or promises to make him plead guilty. Therefore, because Barnhart has failed to overcome "the strong presumption that the plea is final and binding," Lambey, 974 F.2d at 1394, we conclude that the first factor weighs against allowing Barnhart to withdraw his plea.

Our consideration of the remaining Moore factors reveals nothing that would overcome this presumption. Barnhart has not

3

offered a credible assertion of innocence, he does not attack the competence of prior counsel, and his delay in filing the motion is longer than a period of time we have previously considered "long." Moore, 931 F.2d at 248. The final two factors weigh against Barnhart as well. Accordingly, we readily conclude that the district court did not abuse its discretion in denying the motion to withdraw.

Next, Barnhart contends the court erred by imposing certain enhancements to his sentence. The Government asserts this claim is barred by Barnhart's waiver of his right to appeal his sentence. We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." United States v. Adams, 814 F.3d 178, 182 (4th Cir. 2016). "In the absence of extraordinary circumstances, a properly conducted Rule 11 colloquy establishes the validity of the waiver." Id.

As we previously stated, Barnhart's Rule 11 colloquy was properly conducted, and Barnhart knowingly and voluntarily agreed to waive his appellate rights. Consequently, we conclude that Barnhart's appellate waiver is valid, the Government has properly invoked the waiver, and the sentencing claims fall within the waiver's scope. Therefore, Barnhart's claims that the district court erred in sentencing him must be dismissed.

4

Accordingly, we affirm the judgment of the district court in part and dismiss Barnhart's appeal in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>