**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4575**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AMIN JAMAAL HARRIS, a/k/a Mean,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:15-cr-00160-HEH-1)

Submitted:  August 24, 2017                                      Decided:  September 1, 2017

Before MOTZ, TRAXLER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Peter L. Goldman, O'REILLY & MARK, P.C., Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Angela Mastandrea-Miller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Amin Jamaal Harris of conspiracy to distribute a quantity of marijuana (Count 1) and conspiracy to distribute 500 grams or more of cocaine hydrochloride (Count 2), in violation of 21 U.S.C. § 846 (2012); distribution and possession with intent to distribute a quantity of marijuana (Count 3) and quantities of cocaine hydrochloride (Counts 5 through 7), in violation of 21 U.S.C. § 841(a)(1) (2012); and possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012) (Counts 4 and 8).[1] The district court sentenced Harris to 360 months' imprisonment. On appeal, Harris challenges the court's denial of certain pretrial motions and the sufficiency of the evidence supporting Counts 2 and 8.[2] Finding no error, we affirm.

I.

Harris first argues that the district court erred in denying his motion to dismiss Counts 1 through 4 and his related motion to suppress certain statements. "We review the district court's factual findings on a motion to dismiss an indictment for clear error, but we review its legal conclusions de novo." *United States v. Hosford*, 843 F.3d 161, 163

---

[1] The jury acquitted Harris of witness tampering, in violation of 18 U.S.C. § 1512(b)(1) (2012) (Count 9).

[2] Harris also attempts to challenge the propriety of the Government's questions at trial and the reasonableness of his sentence. Because Harris' arguments are "perfunctory and undeveloped," we deem these issues waived. *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 n.* (4th Cir. 2014); *see Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653 n.7 (4th Cir. 2006) (explaining that single, "conclusory remark is insufficient to raise on appeal any merits-based challenge to the district court's ruling").

(4th Cir. 2016) (internal quotation marks omitted). Similarly, "[w]hen a district court has denied a motion to suppress, we review the court's legal conclusions de novo and its factual findings for clear error[,] . . . view[ing] the evidence in the light most favorable to the government." *United States v. Hill*, 852 F.3d 377, 381 (4th Cir. 2017). We defer to the district court's assessment of the credibility of witnesses who testify during a pretrial motion hearing. *See United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016). After thoroughly reviewing the record, we conclude that the court did not err in denying Harris' motions.

## II.

Harris next challenges the district court's denial of his motion to sever the firearms charges—Counts 4 and 8—from the remaining charges. Harris explains that his status as a convicted felon was a necessary element of the firearms charges and that knowledge of his prior convictions prejudiced the jury's consideration of the remaining charges.

Two or more offenses may be charged in the same indictment when the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). In determining whether charges are based on the same transaction or are part of a common plan, we have interpreted the "rule flexibly, requiring that the joined offenses have a logical relationship to one another." *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005) (internal quotation marks omitted). "[T]he prospect of duplicating witness testimony, impaneling additional jurors, and wasting limited judicial resources suggests that related offenses should be tried in a single proceeding." *United States v. Hawkins*, 776 F.3d 200,

206 (4th Cir. 2015) (internal quotation marks omitted). Accordingly, "joinder is the rule rather than the exception." *Id.* (internal quotation marks omitted). We review de novo whether the initial joinder of the offenses was proper under Rule 8(a). *Id.*

We conclude that the firearms charges were properly joined with the remaining charges. The firearms and ammunition identified in Count 4 were found in a search of Harris' residence near the marijuana that formed the basis of Counts 1 and 3, and the shotgun identified in Count 8 was purchased by the same confidential informant who purchased the cocaine charged in Counts 5 through 7.

Where, as here, "offenses are properly joined under Rule 8(a), severance of the offenses is rare." *United States v. Hornsby*, 666 F.3d 296, 309 (4th Cir. 2012). Under Fed. R. Crim. P. 14(a), the defendant faces the "difficult task" of demonstrating that there was "a serious risk that a joint trial would prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Blair*, 661 F.3d 755, 768 (4th Cir. 2011) (alteration and internal quotation marks omitted). We review the denial of a motion to sever for abuse of discretion. *Id.*

We conclude that the court did not abuse its discretion in finding that Harris had not made a sufficiently strong showing of prejudice to warrant severance. The prejudice Harris insists would ensue from the jury's knowledge of his status as a convicted felon was largely assuaged by the parties' stipulation and the jury instructions. Although the parties stipulated that Harris is a convicted felon, they did not reveal the nature of Harris' prior felonies. Moreover, the court instructed the jury to consider Harris' felony status only as

4

an element of the firearms charges and not as evidence of Harris' bad character or his propensity to commit crimes.

III.

Finally, Harris challenges the sufficiency of the evidence supporting Counts 2 and 8. We review de novo the district court's denial of a motion for judgment of acquittal. *United States v. Engle*, 676 F.3d 405, 419 (4th Cir. 2012). "A defendant challenging the sufficiency of the evidence bears a heavy burden." *United States v. Sterling*, 860 F.3d 233, 245 (4th Cir. 2017) (internal quotation marks omitted). "[W]e view the evidence in the light most favorable to the government and will affirm the verdict if *any* rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Id.* (internal quotation marks omitted).

Harris initially argues that certain witnesses who testified at his trial were not credible. We do not, however, review the credibility of witnesses when evaluating the sufficiency of the evidence. *See United States v. Lefsih*, ___ F.3d ___, No. 16-4345, 2017 WL 3469214, at *4 (4th Cir. Aug. 14, 2017) ("[C]redibility determinations fall squarely within the purview of the jury, and are not reassessed on appeal."). We next reject Harris' challenge to the sufficiency of the evidence supporting Count 2, as the evidence easily supports the jury's finding that the drug conspiracy involved 500 grams or more of cocaine. Finally, we conclude that Harris' challenge to the sufficiency of the evidence supporting Count 8 is without merit, as the government is not required to establish the operability of the firearm to support a conviction under § 922(g)(1). *See United States v. Adams*, 814 F.3d 178, 183 (4th Cir. 2016) (stating elements); *United States v. Williams*, 445 F.3d 724,

732 n.3 (4th Cir. 2006) (holding that statute defining firearm "does not require that the firearm be operable when the defendant possessed it").

## IV.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*