**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4201**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BLANCA MIRRIAM SANCHEZ RIVERA, a/k/a La Cincuentona, a/k/a Blanca Miriam Sanchez Rivera,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge. (8:16-cr-00075-GJH-1)

Submitted: January 18, 2018                     Decided: January 22, 2018

Before GREGORY, Chief Judge, and SHEDD and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Allen H. Orenberg, ORENBERG LAW FIRM, PC, North Bethesda, Maryland, for Appellant. Stephen M. Schenning, Acting United States Attorney, Elizabeth S. Boison, Special Assistant United States Attorney, Ray D. McKenzie, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Blanca Mirriam Sanchez Rivera seeks to appeal her conviction and sentence. On appeal, Rivera argues that her guilty plea was not knowing and voluntary because she did not understand the consequences of her plea and lacked the mental competence to enter a valid plea. She also asserts that the district court imposed an unreasonable sentence and that the appeal waiver contained in her plea agreement is invalid. The Government has sought to dismiss the appeal as barred by the waiver of the right to appeal included in the plea agreement.

"The validity of a waiver of appeal . . . is reviewed de novo, and we will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). "In the absence of extraordinary circumstances, a properly conducted [Fed. R. Crim. P.] 11 colloquy establishes the validity of the waiver." *Id.* The transcript of the Rule 11 hearing reveals no extraordinary circumstances, that the district court correctly found that Rivera was competent to enter a guilty plea, and that her plea was knowing and voluntary. Further, the district court specifically questioned Rivera about the appeal waiver, and she knowingly and voluntarily agreed to the waiver. Finally, the issues Rivera seeks to raise on appeal fall squarely within the compass of her waiver of appellate rights. We therefore dismiss the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*