**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4828**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAWRENCE CRAIG RICH,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, Chief District Judge. (3:17-cr-00083-GMG-RWT-1)

Submitted: April 4, 2019                                 Decided: April 9, 2019

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Byron Craig Manford, Martinsburg, West Virginia, for Appellant. William J. Powell, United States Attorney, Wheeling, West Virginia, Timothy D. Helman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lawrence Craig Rich seeks to appeal his sentence following his guilty plea to making a false statement in connection with the acquisition of a firearm, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2) (2012). At sentencing, Rich requested a sentence of probation or house arrest. The district court calculated Rich's Sentencing Guideline range as 15 to 21 months' imprisonment, and varied downward, sentencing Rich to 12 months and 1 day of imprisonment. Rich appeals. On appeal Rich argues that the district court abused its discretion in denying his request for probation or home confinement.

In its response brief, the Government asserts that we should dismiss Rich's appeal because Rich's claim falls within the scope of the appeal waiver contained in his written plea agreement. As part of that agreement, Rich waived the right "[t]o appeal any order, the conviction and the sentence or the manner in which the sentence was determined on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742." J.A. 30.[*] Rich does not deny the validity of the appeal waiver, but he argues that its enforcement would constitute a miscarriage of justice. In support of this claim, Rich contends that the district court relied on incorrect factual assumptions to determine the appropriate sentence.

"We will refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016) (internal quotation marks omitted). However, we have applied the miscarriage of justice

---

[*] J.A. refers to the joint appendix submitted by the parties.

2

exception only to allow review of sentences imposed "in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race," *United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992), and for a valid claim of actual innocence, *Adams*, 814 F.3d at 183. This case presents no such claim. Consequently, the appeal waiver is enforceable and Rich's appeal must be dismissed.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us, and argument would not aid the decisional process. For the reasons set forth above, Rich's appeal is dismissed.

*DISMISSED*