**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4290**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WENDELL ROUSE, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:17-cr-00235-BR-1)

Submitted:  April 22, 2019                     Decided:  April 30, 2019

Before DIAZ and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Wayne Buchanan Eads, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Seth Morgan Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Wendell Rouse, Jr., for possession of ammunition by a convicted felon (Count 1) and possession of a firearm by a convicted felon (Count 2), both in violation of 18 U.S.C. § 922(g)(1) (2012). Rouse pled guilty, pursuant to a plea agreement, to Count 1, and the district court sentenced him to 97 months' imprisonment, the bottom of his advisory Sentencing Guidelines range. On appeal, Rouse argues that the appellate waiver in his plea agreement is invalid based on counsel's ineffective assistance and that he should therefore be able to raise various challenges to the reasonableness of his sentence. The Government counters that Rouse's sentencing claims fall squarely within the unambiguous, valid appellate waiver. We agree with the Government and dismiss Rouse's appeal.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 494 (2018). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

2

However, "[e]ven if the court engages in a complete plea colloquy, a waiver of the right to appeal may not be knowing and voluntary if tainted by the advice of constitutionally ineffective trial counsel." *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005). This is because a plea "cannot be knowing and voluntary when the plea agreement itself is the result of advice outside the range of competence demanded of attorneys in criminal cases." *Id.* (internal quotation marks omitted). But this does not change the general rule that, "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record, such claims are not addressed on direct appeal." *United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016). To succeed on an ineffective assistance of counsel claim, the movant must show that counsel's performance was constitutionally deficient and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88, 691-92 (1984).

Rouse contends that counsel rendered ineffective assistance by failing to move to dismiss one of the counts in the indictment as duplicative and that, had counsel been successful in this motion, Rouse would have pled guilty without a plea agreement and his challenges to his sentence would not have been barred by an appellate waiver. We conclude that counsel's ineffectiveness does not conclusively appear on the face of the record and, therefore, Rouse may not avoid the application of the appellate waiver through his ineffective assistance allegation. Because the sentencing claims Rouse seeks to raise fall squarely within the scope of the unambiguous appellate waiver, we dismiss his appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*