**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4515**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ALVIN GARDNER,

                    Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Senior District Judge.  (1:18-cr-00194-1)

Submitted:  December 17, 2019                    Decided:  December 19, 2019

Before KING, FLOYD, and HARRIS, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, Lorena E. Litten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  John Lanier File, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin Gardner pled guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to distribution of oxymorphone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and the district court imposed a 151-month sentence pursuant to the agreement. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Gardner's sentence is unreasonable. The Government has filed a motion to dismiss the appeal pursuant to the appeal waiver in the plea agreement. For the reasons that follow, we dismiss in part and affirm in part.

"The validity of a waiver of appeal . . . is reviewed de novo, and we will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). "In the absence of extraordinary circumstances, a properly conducted [Fed. R. Crim. P.] 11 colloquy establishes the validity of the waiver." *Id.*

We have reviewed the plea agreement and the transcript of the Rule 11 hearing and conclude that Gardner knowingly and voluntarily pled guilty and waived his right to appeal his conviction and sentence. Because Gardner waived his right to appeal his sentence, and because his 151-month sentence falls within the range agreed upon by the parties in the plea agreement and is within the statutory maximum, we grant the Government's motion in part and dismiss his appeal of his sentence. *See* 18 U.S.C. § 3742(c)(1) (2012).

Pursuant to *Anders*, we have reviewed the entire record and have found no meritorious, nonwaived issues for appeal. We therefore affirm Gardner's conviction. This

court requires that counsel inform Gardner, in writing, of the right to petition the Supreme Court of the United States for further review. If Gardner requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gardner.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*