**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4536**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

GERALD DECOSTA WHALEY, a/k/a Costa,

        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Orangeburg. J. Michelle Childs, District Judge. (5:12-cr-00810-JMC-1)

Submitted: April 1, 2020                Decided: April 7, 2020

Before AGEE, KEENAN, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Jonathan M. Milling, MILLING LAW FIRM, LLC, Columbia, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, John David Rowell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gerald Decosta Whaley seeks to appeal the sentence imposed following his guilty plea to possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2018). The Government seeks enforcement of Whaley's waiver of the right to appeal included in the plea agreement. A defendant may waive his right to appeal his conviction and sentence, so long as the waiver is knowing and voluntary. *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). We review the validity of an appeal waiver de novo, considering "the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir.), *cert denied*, 139 S. Ct. 494 (2018). "In the absence of extraordinary circumstances, a properly conducted [Fed. R. Crim. P. 11] colloquy establishes the validity of the waiver." *Adams*, 814 F.3d at 182.

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Whaley knowingly and voluntarily waived his right to appeal, notwithstanding arguments to the contrary, and that the issue Whaley seeks to raise on appeal falls squarely within the scope of his waiver of appellate rights. Accordingly, we dismiss Whaley's appeal of his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court.

*DISMISSED*

2