**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4298**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDDIE BERNARD BRATTON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00275-WO-1)

Submitted:  August 27, 2021                    Decided:  September 24, 2021

Before DIAZ and QUATTLEBAUM, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas H. Johnson, Jr., Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Veronica L. Edmisten, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eddie Bernard Bratton appeals his conviction by a jury for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Bratton to 25 months' imprisonment and 3 years' supervised release. On appeal, Bratton challenges the district court's denial of his motion to suppress a firearm discovered by police, the court's admission of prior crime evidence against him, and the sufficiency of the evidence supporting the jury's verdict. We affirm.

In reviewing a district court's ruling on a motion to suppress, we examine conclusions of law de novo and underlying factual findings for clear error. *United States v. Cloud*, 994 F.3d 233, 241 (4th Cir. 2021). "Because the district court denied [Bratton's] motion to suppress, we construe the evidence in the light most favorable to the [G]overnment." *United States v. Clarke*, 842 F.3d 288, 293 (4th Cir. 2016) (internal quotation marks omitted).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Consistent with the Fourth Amendment, "[a]n officer may stop and briefly detain a person 'when the officer has reasonable, articulable suspicion that the person has been, is, or is about to be engaged in criminal activity.'" *United States v. Montieth*, 662 F.3d 660, 665 (4th Cir. 2011) (quoting *United States v. Hensley*, 469 U.S. 221, 227 (1985)). "Reasonable suspicion is a commonsense, nontechnical standard that relies on the judgment of experienced law enforcement officers, not legal technicians." *United States v. Williams*, 808 F.3d 238, 246 (4th Cir. 2015) (internal quotation marks

omitted). We "must look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (internal quotation marks omitted). "In order to demonstrate reasonable suspicion, a police officer must offer 'specific and articulable facts' that demonstrate at least 'a minimal level of objective justification' for the belief that criminal activity is afoot." *United States v. Branch*, 537 F.3d 328, 337 (4th Cir. 2008) (quoting *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000)).

"In cases where an informant's tip supplies part of the basis for reasonable suspicion, we must ensure that the tip possesses sufficient indicia of reliability." *United States v. Perkins*, 363 F.3d 317, 323 (4th Cir. 2004). Generally, we consider that an anonymous call provided reliable information to support reasonable suspicion if the call

> provide[d] substantial detail about the individuals and the alleged criminal activity it describe[d]; if it disclose[d] the basis of the informant's knowledge; . . . if the informant indicate[d] that [his] report [was] based on [his] contemporaneous personal observation of the call's subject[; and if the caller] disclos[ed] information that would enable authorities to identify [him] if they deem[ed] it necessary to do so.

*United States v. Elston*, 479 F.3d 314, 318 (4th Cir. 2007).

Bratton argues that the investigatory stop was unlawful because the officer did not have reasonable suspicion that criminal activity was afoot when he first stopped him, and he contests the legality of the subsequent frisk. Considering the totality of the circumstances, we conclude that the officer had reasonable suspicion of criminal activity when he stopped Bratton. The officer who approached Bratton had received information about a possible burglary of the location from two callers, one of whom was a neighbor of

3

the residence in question, shortly before his arrival on the scene. The officer was able to corroborate some of the information provided by the callers, and he witnessed Bratton at the residence, moving quickly to get into a vehicle. Moreover, Bratton was not completely compliant with the officer and displayed some evasive behavior. *See Wardlow*, 528 U.S. at 124-25 (noting that a defendant's evasive behavior is a pertinent factor in the reasonable suspicion analysis). Therefore, the totality of the circumstances supported the officer's initial decision to stop Bratton.

Next, Bratton argues that the district court improperly admitted evidence of a prior felon-in-possession conviction. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018); *see United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (discussing standard of review). Federal Rule of Evidence 404(b) "allows admission of evidence of the defendant's past wrongs or acts, as long as the evidence is not offered to prove the defendant's predisposition toward criminal behavior." *United States v. Sterling*, 860 F.3d 233, 246 (4th Cir. 2017). Rule 404(b) provides a nonexhaustive list of such appropriate uses of propensity evidence, including motive, knowledge, intent, lack of accident, and plan. Fed. R. Evid. 404(b)(2). "To be admissible under Rule 404(b), the evidence must be (1) relevant to an issue other than the general character of the defendant, (2) necessary to prove an essential claim or element of the charged offense, and (3) reliable." *Sterling*, 860 F.3d at 246. In addition, "[Fed. R. Evid.] 403 demands that the evidence's probative value not be substantially outweighed by its unfair prejudice to the defendant." *Id.*

Our review of the record confirms that the evidence of Bratton's prior conviction for possessing a firearm as a convicted felon meets all the criteria for admissibility under Rule 404(b). *See United States v. Moran*, 503 F.3d 1135, 1144 (10th Cir. 2007) ("[T]he fact that [the defendant] *knowingly* possessed a firearm in the past supports the inference that he had the same knowledge in the context of the charged offense."). Moreover, despite Bratton's suggestion to the contrary, the limiting jury instructions eliminated the risk of unfair prejudice. Thus, the district court did not abuse its discretion in admitting the challenged evidence.

Finally, Bratton argues that the evidence was insufficient to prove his possession of the firearm. We review de novo a challenge to the sufficiency of the evidence. *United States v. Wolf*, 860 F.3d 175, 194 (4th Cir. 2017). When a defendant challenges the sufficiency of the evidence to support a jury verdict, we view the evidence in the light most favorable to the government and will sustain the verdict if it is supported by substantial evidence. *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). "Substantial evidence is evidence sufficient for a reasonable jury to find proof beyond a reasonable doubt of each element of the charged offense." *United States v. Zelaya*, 908 F.3d 920, 925 (4th Cir. 2018). A defendant challenging the sufficiency of the evidence "bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Savage*, 885 F.3d at 219 (internal quotation marks omitted).

To establish a conviction under § 922(g)(1), the government is required to show: "(i) that the defendant was a convicted felon at the time of the offense; (ii) that he

5

voluntarily and intentionally possessed a firearm; and (iii) that the firearm traveled in interstate commerce at some point." *United States v. Adams*, 814 F.3d 178, 183 (4th Cir. 2016) (internal quotation marks omitted). The government must also show that the defendant "knew he had [a prohibited] status when he possessed" the firearm. *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019). Bratton only challenges the possession element of this offense.

A person has constructive possession over contraband if he has "knowledge of the presence of the contraband" and "ownership, dominion, or control over the contraband or the premises or vehicle in which the contraband was concealed." *United States v. Herder*, 594 F.3d 352, 358 (4th Cir. 2010). Constructive possession may be proven by either direct or circumstantial evidence, considering the totality of the circumstances surrounding the defendant's alleged possession of the item. *Id.* Here, Bratton kept moving his hand toward his waistband, and the officer followed his hand and felt a hard, metallic object. The officer did not see the firearm on the ground until after his struggle with Bratton, and the firearm appeared near the location of their initial struggle. When viewed in the light most favorable to the Government, a reasonable jury could infer that Bratton had a firearm in his waistband and that it fell to the ground during his struggle with the officer. Moreover, Bratton's possession of the firearm was corroborated by his own admission to law enforcement that he possessed the firearm. Thus, there was sufficient evidence to establish Bratton's possession of the firearm.

6

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*