**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 19-4280

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRUCE WAYNE JONES, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00177-WO-1)

_____

Submitted:  February 15, 2022                    Decided:  March 22, 2022

_____

Before GREGORY, Chief Judge, and HARRIS and RICHARDSON, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:** Todd A. Smith, SMITH GILES PLLC, Graham, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, John M. Alsup, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bruce Wayne Jones, Jr., pled guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and the district court sentenced him to 100 months' imprisonment. On appeal, Jones claims that (1) his indictment and guilty plea are invalid in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and (2) the district court procedurally erred when calculating his sentence by enhancing his Sentencing Guidelines range based on a finding that Jones had used the firearm in connection with a robbery. The Government opposes Jones' *Rehaif* claims and seeks to enforce Jones' appellate waiver with respect to his sentencing claim. We affirm in part and dismiss in part.

We turn first to Jones' *Rehaif* claims. In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Jones claims that both his indictment and his guilty plea are invalid because the indictment did not charge, and the Fed. R. Crim. P. 11 colloquy did not establish, that he knew he was a felon at the time he possessed the firearm.

Because Jones did not raise these claims in the district court, we review for plain error. *Greer v. United States*, 141 S. Ct. 2090, 2096 (2021). For a defendant to prevail under this standard, we must find that "(1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Comer*, 5 F.4th 535, 548 (4th

2

Cir. 2021) (internal quotation marks omitted). Here, as to both the indictment and the Rule 11 colloquy, it is undisputed that a *Rehaif* error occurred and that the error was plain. The critical question is whether the error affected Jones' substantial rights.

First, Jones argues that the fact that the indictment did not include *Rehaif*'s knowledge-of-status element deprived the district court of jurisdiction because it failed to notify Jones of the charge against him and would not enable Jones to plead double jeopardy as a defense in a future prosecution for the same offense. However, it is well settled that a defect in an indictment does "not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630 (2002); *see also United States v. Farmer*, 988 F.3d 55, 60-61 & n.3 (1st Cir.), *cert. denied*, 142 S. Ct. 243 (2021). And Jones does not offer any support for the proposition that the omission of the knowledge-of-status element creates sufficient ambiguity as to the offense charged to result in a double jeopardy issue. *See United States v. Perry*, 757 F.3d 166, 171-72 (4th Cir. 2014). We therefore conclude that Jones cannot show error—let alone plain error—in either regard.

Next, Jones argues that his guilty plea is invalid because the district court did not find through the Rule 11 colloquy or the factual basis that Jones knew he was a felon at the time he possessed the firearm. The Supreme Court has held that, for a defendant to establish that a *Rehaif* error affected his substantial rights under such circumstances, the defendant must make "a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer*, 141 S. Ct. at 2100. "When a defendant advances such an argument or representation on appeal, the court must determine whether the defendant has carried the burden of showing a

3

'reasonable probability' that the outcome of the district court proceeding would have been different." *Id.*

Jones' presentence report indicates that he has been convicted of multiple felonies—including two state convictions for possession of a firearm by a felon—and that he served two consecutive terms of 12 to 15 months' imprisonment. Jones has never disputed these prior convictions or claimed that he was unaware of his status as a felon when he possessed the firearm. Jones also admitted that he was a felon when he pled guilty, and, during his presentence interview with the probation officer, Jones acknowledged that he was prohibited from possessing a firearm. In light of this substantial evidence that Jones knew he was a felon, we conclude that he has not shown a reasonable probability that he would not have pled guilty but for the *Rehaif* error.

Jones also claims that the district court erred by applying various enhancements to his offense level when calculating his Sentencing Guidelines range. The Government contends, however, that this challenge is barred by Jones' appellate waiver. We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotations marks omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy

4

and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).  Here, a review of the record reveals that Jones' appellate waiver is valid and that his sentencing claim falls squarely within its scope.  Accordingly, we will enforce the appellate waiver and dismiss this portion of the appeal.

We therefore affirm in part and dismiss in part.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*