**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4329**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANA DEAN FETHERSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Kenneth D. Bell, District Judge. (3:21-cr-00045-KDB-DCK-1)

Submitted: February 16, 2023                    Decided: February 21, 2023

Before GREGORY, Chief Judge, RUSHING, Circuit Judge, and FLOYD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Samuel B. Winthrop, WINTHROP & GAINES MESSICK, PLLC, Statesville, North Carolina, for Appellant. Dena J. King, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dana Fetherson pled guilty, pursuant to a written plea agreement, to possession of a firearm and possession of ammunition as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  The district court varied upward from the Sentencing Guidelines range and sentenced Fetherson to 120 months' imprisonment.  On appeal, Fetherson argues that the Government breached the plea agreement by failing to notify the probation officer that it would seek a variance at sentencing.  He also claims that the court erred by varying upward without providing him notice under Fed. R. Crim. P. 32(h).  Finally, Fetherson challenges the substantive reasonableness of his sentence.  The Government responds that the plea agreement did not obligate it to notify the probation officer about a variance and otherwise invokes the appeal waiver in Fetherson's plea agreement.  We affirm in part and dismiss in part.

An appeal waiver cannot preclude consideration of a claim that the Government breached the plea agreement.  *United States v. Dawson*, 587 F.3d 640, 644 n.4 (4th Cir. 2009).  However, our review of the record discloses no breach of the plea agreement because there is no provision requiring the Government to notify the probation officer that it would seek a variance at sentencing.  Therefore, we affirm as to this claim.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver."  *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016).  Upon review of the record, including the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Fetherson knowingly and voluntarily waived his right to appeal.  Accordingly, we dismiss Fetherson's appeal as

2

to all issues within the waiver's scope, including Fetherson's claim that the district court was required to notify him in advance of imposing an upward variant sentence and his challenge to the substantive reasonableness of his sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*