**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4870**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WESLEY PAUL HADSELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:15-cr-00116-AWA-RJK-1)

Submitted:  June 27, 2019                         Decided:  July 11, 2019

Before GREGORY, Chief Judge, and FLOYD and HARRIS, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Jason A. Dunn, JASON A. DUNN, PLC, Virginia Beach, Virginia, for Appellant. Andrew Curtis Bosse, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Virginia Beach, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wesley Paul Hadsell appeals his 120-month sentence imposed after pleading guilty to possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Hadsell's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning whether the district court erred by imposing the statutory maximum sentence. Hadsell has filed a pro se supplemental brief challenging the four-level enhancement applied to his offense level and arguing that the district court abused its discretion in varying upward from the Sentencing Guidelines range. The Government has moved to dismiss Hadsell's appeal, invoking the appellate waiver contained in Hadsell's plea agreement. We grant the Government's motion to dismiss in part, dismiss the appeal in part, and affirm in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). "The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." *United States v. Blick*, 408 F.3d 162, 169 (4th Cir. 2005). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir.), *cert denied*, 139 S. Ct. 494 (2018) (internal quotation marks omitted). "In the absence of extraordinary circumstances, a properly

2

conducted [Fed. R. Crim. P.] 11 colloquy establishes the validity of the waiver." *Adams*, 814 F.3d at 182.

Upon review of the plea agreement and the transcript of the Rule 11 hearing, we conclude that Hadsell knowingly and voluntarily waived his right to appeal his sentence, and that the sentencing issues Hadsell seeks to raise on appeal fall squarely within the compass of his waiver of appellate rights. Accordingly, we grant the Government's motion to dismiss in part and dismiss Hadsell's appeal as to his sentencing claims.

In accordance with *Anders*, we have reviewed the entire record in this case and have identified no meritorious issues for appeal outside the scope of the appellate waiver. We therefore affirm the remainder of the judgment of the district court. This court requires that counsel inform Hadsell, in writing, of the right to petition the Supreme Court of the United States for further review. If Hadsell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hadsell.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*