**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4291**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

TONY MARRELL SPEIGHT,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:18-cr-00035-D-1)

Submitted:  June 18, 2020                        Decided:  July 17, 2020

Before KEENAN, FLOYD, and RICHARDSON, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony Marrell Speight pled guilty, pursuant to a plea agreement, to possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2018), and the district court sentenced him to 54 months' imprisonment, within his advisory Sentencing Guidelines range. Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the substantive reasonableness of Speight's sentence. Speight was advised of his right to file a pro se supplemental brief, but he did not do so. We ordered supplemental briefing, directing the parties to address whether the district court committed a structural error by failing to advise Speight, during the Fed. R. Crim. P. 11 colloquy, that the Government was required to prove that he knew he belonged to a class of persons prohibited from possessing firearms, in violation of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020).

In his supplemental brief, Speight waives any claim pursuant to *Rehaif* and *Gary*, and both he and the Government ask this Court to affirm his conviction. Speight, however, renews his request for resentencing, and the Government now seeks to dismiss Speight's appeal of his sentence pursuant to the appellate waiver in his plea agreement.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant,

2

his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 494 (2018). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Our review of the record confirms that Speight knowingly and voluntarily waived his right to appeal his sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable and that the issue counsel raises falls squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues not affirmatively waived by Speight or outside the scope of his valid appellate waiver. We therefore dismiss Speight's appeal of all sentencing issues falling within the scope of the waiver and affirm the remainder of the district court's judgment. This court requires that counsel inform Speight, in writing, of the right to petition the Supreme Court of the United States for further review. If Speight requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Speight.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*