**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4776**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERON JORDAN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, Chief District Judge.  (4:18-cr-00558-RBH-1)

Submitted:  August 31, 2020                    Decided:  September 9, 2020

Before WILKINSON, KEENAN, and HARRIS, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant.  Lauren L. Hummel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eron Jordan pled guilty, pursuant to a written plea agreement, to possession with intent to distribute quantities of heroin, cocaine, cocaine base, hydrocodone, oxycodone, and buprenorphine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), (E). The district court classified Jordan as a career offender and sentenced him to 144 months' imprisonment, a sentence below his advisory Sentencing Guidelines range. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Jordan's plea was knowingly and voluntarily entered and whether Jordan's sentence is reasonable. Jordan has filed a supplemental pro se brief, arguing that his plea was involuntary. The Government moves to dismiss the appeal of the sentence as barred by the appellate waiver included in Jordan's plea agreement. We affirm in part and dismiss in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). "Generally . . . , if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the

2

defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Our review of the record confirms that Jordan knowingly and voluntarily waived his right to appeal, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable and that counsel's challenge to the reasonableness of Jordan's sentence falls squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Jordan's valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope. We otherwise affirm the judgment. This court requires that counsel inform Jordan, in writing, of the right to petition the Supreme Court of the United States for further review. If Jordan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jordan.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*