**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4844**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALVIN MARION PICKETT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, District Judge. (5:17-cr-00143-D-1)

Submitted: January 4, 2021                     Decided: January 13, 2021

Before KEENAN, THACKER, and RICHARDSON, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Joshua L. Rogers, Assistant United States Attorney, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alvin Marion Pickett pled guilty, pursuant to a written plea agreement, to two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c), and was sentenced to a total term of 246 months' imprisonment. The predicate crimes of violence underlying both of Pickett's convictions were Hobbs Act robberies, in violation of 18 U.S.C. § 1951. Pickett's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but arguing that Pickett's convictions are invalid because Hobbs Act robbery does not qualify as a predicate crime of violence to support a conviction under 18 U.S.C. § 924(c), and that Pickett is entitled to a resentencing under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Pickett has filed a supplemental pro se brief, echoing counsel's challenges to his convictions and sentence. The Government moves to dismiss the appeal as barred by the appellate waiver included in Pickett's plea agreement. We affirm in part and dismiss in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). "Generally . . . , if a district court questions a defendant regarding the waiver of

2

appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Our review of the record confirms that Pickett knowingly and voluntarily waived his right to appeal, with limited exceptions not applicable here. We therefore conclude that the waiver is valid.

"A waiver remains valid even in light of a subsequent change in the law." *Adams*, 814 F.3d at 182 (internal quotation marks omitted). However, we nevertheless "will refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *Id.* "A proper showing of actual innocence is sufficient to satisfy the miscarriage of justice requirement." *Id.* (internal quotation marks omitted). Because we have held that "Hobbs Act robbery constitutes a crime of violence under the force clause of [§] 924(c)," *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), we find that enforcing Pickett's plea waiver would not result in a miscarriage of justice.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope.* We otherwise affirm the judgment. This court requires that counsel inform Pickett, in writing, of the right to petition the Supreme Court of the United States for further review. If Pickett

---

* To the extent Pickett seeks to assert a claim under the First Step Act to challenge the "stacking" of his § 924(c) sentences, we have held that the relevant provision of the First Step Act does not apply to cases that were pending on appeal when Congress passed the Act. *United States v. Jordan*, 952 F.3d 160, 171-74 (4th Cir. 2020), *petition for cert. filed*, No. 20-256 (Aug. 28, 2020).

requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Pickett.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4