**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4456**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EDDIE LEE SWEENEY, a/k/a Eddie Lee Sweeney Jefferson,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:14-cr-00412-CCE-2)

Submitted:  December 21, 2020                          Decided:  January 15, 2021

Before AGEE and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant.  Matthew G. T. Martin, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eddie Lee Sweeney pled guilty, pursuant to a written plea agreement, to carrying and using, by discharging, a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The underlying crimes of violence for the § 924(c) offense were the charges of conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951(a). The district court sentenced Sweeney to 80 months' imprisonment. On appeal, Sweeney contends that after *Johnson v. United States*, 576 U.S. 591 (2015), his § 924(c) conviction must be vacated because its predicate offenses are not crimes of violence. The Government has moved to dismiss this appeal as barred by the appellate waiver in Sweeney's plea agreement. Sweeney acknowledges that the waiver is enforceable as to the issues within its scope. However, he argues that his claim is outside of the scope of the waiver because he is actually innocent of violating 18 U.S.C. § 924(c). We deny the Government's motion to dismiss, vacate Sweeney's conviction, and remand for further proceedings.

We review de novo whether a defendant validly waived his right to appeal. *United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018). "Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain." *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted). Where, as here, the Government seeks to enforce the appeal waiver and has not breached the plea agreement, we will enforce the waiver if it "is valid and the issue being appealed is within the scope of the waiver." *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018) (internal quotation marks omitted).

2

"Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017) (internal quotation marks omitted); *see United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (discussing the factors courts consider). The record establishes that the district court explained the appellate waiver to Sweeney, that he understood he was waiving his appellate rights, and that his guilty plea was knowing and voluntary. Therefore, Sweeney's appellate waiver is valid.

"A waiver remains valid even in light of a subsequent change in the law." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016) (internal quotation marks omitted). An appeal waiver, however, does not bar an appeal as to matters outside the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168 (4th Cir. 2005). Moreover, we will "refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (internal quotation marks omitted); *see Adams*, 814 F.3d at 182. And "[a] proper showing of actual innocence is sufficient to satisfy the miscarriage of justice requirement." *Id.* (internal quotation marks omitted).

Sweeney argues that his appeal falls outside of the scope of his appellate waiver because he can establish actual innocence. *See id.*, 814 F.3d at 182 (concluding that cognizable claim of actual innocence falls outside scope of waiver). Because Sweeney did not argue in the district court that the predicates for his § 924(c) conviction did not qualify as crimes of violence, we review his claim for plain error. To succeed on plain error review,

3

Sweeney "must show (1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights." *See Cohen*, 888 F.3d at 685. As to the second plain error prong, "[a]n error is plain if the settled law of the Supreme Court or this circuit establishes that an error has occurred." *United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013) (internal quotation marks omitted). Even if Sweeney satisfies those three plain error requirements, this court "possess[es] discretion on whether to recognize the error" and will not "do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Cohen*, 888 F.3d at 685 (internal quotation marks omitted).

We conclude that Sweeney has made the required showing. Sweeney's § 924(c) conviction was predicated on conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery. In *United States v. Davis*, the Supreme Court concluded that the residual clause in § 924(c)(3)(B) was unconstitutionally vague, 139 S. Ct. 2319, 2323-24 (2019), and in *United States v. Simms*, we held that conspiracy to commit Hobbs Act robbery is not a crime of violence under the force clause in 18 U.S.C. § 924(c)(3)(A). 914 F.3d 229, 233-34 (4th Cir.) (en banc), *cert. denied*, 140 S. Ct. 304 (2019). Recently, we held that attempted Hobbs Act robbery is not a crime of violence. *United States v. Taylor*, 978 F.3d 73, 77-78 (4th Cir. 2020). Because Sweeney's § 924(c) conviction is not supported by a valid predicate, he has made a proper showing of actual innocence. We therefore decline to enforce the waiver and deny the Government's motion to dismiss.

4

Accordingly, we vacate Sweeney's 18 U.S.C. § 924(c) conviction and remand for further proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*