**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4337**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY SIMMONS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:19-cr-00050-REP-2)

Submitted: September 30, 2021                 Decided:  November 1, 2021

Before AGEE, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Mark Bodner, Fairfax, Virginia, for Appellant.  Stephen Eugene Anthony, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Simmons pled guilty, pursuant to a written plea agreement, to aiding and abetting Hobbs Act robbery, in violation of 18 U.S.C. §§ 2, 1951, and aiding and abetting the brandishing of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c), and was sentenced to a total term of 80 months' imprisonment. The predicate crime of violence underlying Simmons' § 924(c) conviction was Hobbs Act robbery. Simmons' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but arguing that there was an inadequate factual basis to support Simmons' guilty plea to the § 924(c) count and, further, that the conviction is invalid because Hobbs Act robbery does not qualify as a predicate crime of violence to support a conviction under § 924(c). Although informed of his right to file a supplemental pro se brief, Simmons has not done so. The Government moves to dismiss the appeal as barred by the appellate waiver included in Simmons' plea agreement. We affirm in part and dismiss in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). "Generally . . . , if a district court questions a defendant regarding the waiver of

2

appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Our review of the record confirms that Simmons knowingly and voluntarily waived his right to appeal, and that the magistrate judge properly found that his plea was supported by an adequate factual basis. With regard to the factual basis for the plea, Simmons admitted that he aided and abetted his accomplice's brandishing of a firearm, and he explicitly agreed with the Government's statement of facts. We therefore conclude that the waiver is valid.

"A waiver remains valid even in light of a subsequent change in the law." *Adams*, 814 F.3d at 182 (internal quotation marks omitted). However, we nevertheless "will refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *Id.* "A proper showing of actual innocence is sufficient to satisfy the miscarriage of justice requirement." *Id.* (internal quotation marks omitted). Because we have held that "Hobbs Act robbery constitutes a crime of violence under the force clause of [§] 924(c)," *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019), we conclude that enforcing Simmons' appeal waiver would not result in a miscarriage of justice. *See United States v. Ali*, 991 F.3d 561, 574 (4th Cir. 2021) (holding that aiding and abetting Hobbs Act robbery similarly qualifies as crime of violence under force clause).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the judgment. This court requires that counsel inform Simmons, in

3

writing, of the right to petition the Supreme Court of the United States for further review. If Simmons requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Simmons.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*