**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4587

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDREW LOUIS BASS, II,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:19-cr-00411-D-1)

Submitted:  July 21, 2022                                  Decided:  July 25, 2022

Before MOTZ, HARRIS, and RUSHING, Circuit Judges.

Affirmed in part, dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrew Louis Bass, II, pled guilty, pursuant to a plea agreement, to distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and the district court sentenced him to 151 months' imprisonment, the bottom of his advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court substantially complied with Fed. R. Crim. P. 11 in accepting Bass' plea and whether Bass' sentence is reasonable. Bass was advised of his right to file a pro se supplemental brief, but he has not done so. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Bass' plea agreement. We affirm in part and dismiss in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

2

Our review of the record confirms that Bass knowingly and voluntarily waived his right to appeal his conviction and sentence, with limited exceptions not applicable here. We therefore conclude that the waiver is valid and enforceable and that the issues counsel raises fall squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious issues outside the scope of Bass' valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the scope of the waiver. We otherwise affirm. This court requires that counsel inform Bass, in writing, of the right to petition the Supreme Court of the United States for further review. If Bass requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bass.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3