**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-4278**

───────────

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

> v.

BRYON JAMIQUE SHIPMAN, a/k/a Dolla,

> Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:20-cr-00422-FL-4)

───────────

Submitted:  February 21, 2023                    Decided:  February 23, 2023

───────────

Before NIEMEYER and DIAZ, Circuit Judges, and MOTZ, Senior Circuit Judge.

───────────

Dismissed in part and affirmed in part by unpublished per curiam opinion.

───────────

**ON BRIEF:** Seth A. Neyhart, LAW OFFICE OF SETH A. NEYHART, Durham, North Carolina, for Appellant.  David A. Bragdon, Lucy Partain Brown, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bryon Jamique Shipman pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine and a quantity of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B).  The district court sentenced Shipman to 60 months' imprisonment and Shipman timely appealed.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Shipman's sentence is reasonable.  Although informed of his right to do so, Shipman has not filed a supplemental pro se brief.  The Government has moved to dismiss the appeal pursuant to the appeal waiver contained in the plea agreement; Shipman opposes the motion.  We dismiss in part and affirm in part.

We review de novo the validity of an appellate waiver and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver."  *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016).  Upon review of the record, including the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Shipman knowingly and voluntarily waived his right to appeal and that the issue he seeks to raise on appeal falls squarely within the waiver's scope.

In accordance with *Anders*, we have reviewed the record in its entirety and have discerned no meritorious issues for appeal outside the scope of Shipman's valid appeal waiver.  Accordingly, we grant, in part, the Government's motion to dismiss and dismiss the appeal as to all issues within the waiver's scope.  We affirm the remainder of the judgment.

2

This court requires that counsel inform Shipman, in writing, of the right to petition the Supreme Court of the United States for further review. If Shipman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Shipman. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*