**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 22-4470

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KIMO TAKARRA FELTON,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Florence. Sherri A. Lydon, District Judge. (4:20-cr-00718-SAL-2)

---

Submitted: April 20, 2023                                Decided: April 24, 2023

---

Before KING and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Dismissed in part and affirmed in part by unpublished per curiam opinion.

---

**ON BRIEF:** Mario A. Pacella, STROM LAW FIRM, LLC, Columbia, South Carolina, for Appellant. Everett E. McMillian, Assistant United States Attorney, Florence, South Carolina, Kathleen Michelle Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kimo Takarra Felton pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) and 21 U.S.C. § 846. The district court sentenced Felton to 135 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but asking us to review the district court's computation of Felton's advisory Sentencing Guidelines range in terms of the propriety of a two-level firearms enhancement. Although advised of his right to file a pro se supplemental brief, Felton has not done so. The Government has moved to dismiss pursuant to the appeal waiver in Felton's plea agreement. We dismiss in part and affirm in part.

We review the validity of an appellate waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id*. To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). As a general rule, "if a district court questions a defendant regarding the waiver of appellate rights during the [Fed R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id*. (internal quotation marks omitted).

Our review of the record confirms that Felton knowingly and voluntarily waived his right to appeal his conviction and sentence, with limited exceptions that are not applicable here. We therefore conclude that the waiver is valid and enforceable and that the lone issue advanced within the *Anders* brief falls within the scope of the waiver. In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside of Felton's valid appellate waiver. We therefore grant the Government's motion in part and dismiss the appeal as to any issues within the scope of the waiver. We otherwise affirm the criminal judgment.

This court requires that counsel inform Felton, in writing, of the right to petition the Supreme Court of the United States for further review. If Felton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Felton. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*