**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 22-4253**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GREGORY ANTAWN JOYNER,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of North Carolina, at Raleigh. Terrence W. Boyle., District Judge.  (5:21-cr-00160-BO-1)

───────────

Submitted:  June 20, 2023                           Decided:  June 27, 2023

───────────

Before WYNN and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

───────────

Affirmed in part and dismissed in part by unpublished per curiam opinion.

───────────

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Michael E. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Antawn Joyner pled guilty pursuant to a written plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  The district court sentenced Joyner to 110 months' imprisonment, and he now appeals.  On appeal, Joyner's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the sentence imposed is substantively reasonable.  Although informed of his right to do so, Joyner has not filed a pro se supplemental brief.  The Government has moved to dismiss Joyner's appeal based on the appellate waiver contained in Joyner's plea agreement.  For the following reasons, we affirm in part and dismiss in part.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver."  *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016).  A waiver is valid if it is "knowing and voluntary."  *Id.* To determine whether a waiver is knowing and voluntary, we "consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms."  *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotations marks omitted).  Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."  *Id.* (internal quotation marks omitted). Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Joyner knowingly and voluntarily waived his right to appeal and that the

issue raised in the *Anders* brief falls squarely within the scope of the appellate waiver. Accordingly, we grant the Government's motion to dismiss as to all issues that fall within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this appeal and have found no meritorious grounds for appeal. We therefore affirm the remainder of the district court's judgment. This court requires that counsel inform Joyner, in writing, of the right to petition the Supreme Court of the United States for further review. If Joyner requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Joyner.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3