**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4117

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERRICK LAMONT PHILLIPS, a/k/a Trouble,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City.  James C. Dever III, District Judge.  (2:21-cr-00014-D-1)

Submitted:  August 29, 2023                    Decided:  August 31, 2023

Before KING, AGEE, and BENJAMIN, Circuit Judges.

Affirmed in part, dismissed in part, and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Thomas K. Maher, AMOS TYNDALL PLLC, Carrboro, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Lamont Phillips pled guilty, pursuant to a plea agreement, to distribution of a quantity of a mixture and substance containing heroin and fentanyl and aiding and abetting the same, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1), (b)(1)(C), and the district court sentenced him to 144 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Phillips' trial counsel rendered ineffective assistance. Phillips was informed of his right to file a pro se supplemental brief, but he has not done so. The Government moves to dismiss the appeal pursuant to the appellate waiver in Phillips' plea agreement. We affirm in part, dismiss in part, and remand.

"We review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). A waiver is valid if it is "knowing and voluntary." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim.

2

P. 11] colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Our review of the record confirms that Phillips knowingly and voluntarily waived his right to appeal his conviction and sentence, with limited exceptions. We therefore conclude that the waiver is valid and enforceable. Although Phillips' ineffective-assistance claim falls outside the scope of the waiver, "we will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). Because the present record does not conclusively show that trial counsel rendered ineffective assistance, Phillips' claim is not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal outside the scope of Phillips' valid appellate waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm. We remand this case, however, so that the district court may amend the criminal judgment to reflect that Phillips was ordered to support his daughter with his prison earnings after satisfying the special assessment. *See* Fed. R. Crim. P. 36.

This court requires that counsel inform Phillips, in writing, of the right to petition the Supreme Court of the United States for further review. If Phillips requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel

3

may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Phillips. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART,*
*AND REMANDED*