**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 24-4249**

———————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

    v.

KEVIN RONREGUS JONES, a/k/a Suffolk Ron,

                Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Arenda L. Wright Allen, District Judge.  (2:22-cr-00104-AWA-DEM-1)

———————————

Submitted:  June 24, 2025                     Decided:  August 20, 2025

———————————

Before WYNN and QUATTLEBAUM, Circuit Judges, KEENAN, Senior Circuit Judge.

———————————

Dismissed in part, affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.  Judge Quattlebaum wrote a concurring opinion.

———————————

**ON BRIEF:**  Alan H. Yamamoto, Alexandria, Virginia, for Appellant.  Joseph Attias, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Darryl James Mitchell, Assistant United States Attorney, Norfolk, Virginia, Daniel J. Honold, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Ronregus Jones pled guilty, pursuant to a superseding written plea agreement, to one count of possession with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The district court sentenced Jones to 292 months' imprisonment and ten years of supervised release. Jones appealed.

The Government has moved to dismiss the appeal in light of the appeal waiver in the plea agreement. Jones's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1976), finding no meritorious grounds for appeal but questioning whether Jones received ineffective assistance of counsel for two alleged reasons: that plea counsel failed to properly advise Jones of or dispute the applicability of his career offender designation and that plea counsel failed to advise Jones of his right to appeal. Jones was informed of his right to file a pro se supplemental brief, but he has not done so. We grant the motion to dismiss in part, dismiss the appeal as to all waivable challenges to Jones's conviction, and otherwise affirm Jones's conviction. However, as explained below, we vacate Jones's sentence and remand for resentencing.

We review the validity of an appeal waiver de novo and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). A waiver is valid if it is "knowing and voluntary." *Id.* To decide whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted). Typically,

2

"if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted). Our review of the record confirms that Jones knowingly and intelligently executed the waiver. We therefore conclude that the waiver is valid and covers all waivable challenges to Jones's conviction.

We review de novo an ineffective assistance of counsel claim made on direct appeal but "will reverse only if it conclusively appears in the trial record itself that the defendant was not provided effective representation." *United States v. Freeman*, 24 F.4th 320, 326 (4th Cir. 2022) (en banc) (cleaned up). The record does not conclusively show that plea counsel rendered ineffective assistance, with respect to either the alleged failure to advise Jones of his career offender designation or the alleged failure to advise Jones of his right to appeal. Thus, Jones's claims are not cognizable on direct appeal and "should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the record for any meritorious grounds remaining for appeal, and our review revealed an issue concerning the district court's pronouncement of the standard conditions of Jones's supervised release; this issue is not barred by Jones's appeal waiver. In *United States v. Rogers*, this court held that a district court must announce all nonmandatory conditions of supervised release at the sentencing hearing. 961 F.3d 291, 296-99 (4th Cir. 2020). A court may satisfy its obligation of oral pronouncement "through incorporation—by incorporating, for instance,

3

all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Id.* at 299; *see United States v. Bullis*, 122 F.4th 107, 118-19 (4th Cir. 2024) (addressing parameters of oral incorporation satisfying *Rogers*). The court may also satisfy this obligation by expressly incorporating "a written list of proposed conditions," including a "court-wide standing order that lists certain conditions of supervised release" as adopted by a particular district, *Bullis*, 122 F.4th at 118 (internal quotation marks omitted), or by incorporating "the recommendations of conditions of release that have been spelled out in the defendant's [presentence report (PSR)]," *United States v. Smith*, 117 F.4th 584, 604 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1340 (2025). "[A]n adoption of proposed conditions of supervised release by a sentencing court—such as recommendations of such conditions set forth in the defendant's PSR—requires those conditions to be expressly incorporated." *Id.* at 606.

Here, the district court stated at sentencing that Jones was required to "comply with the standard conditions [of supervised release] that have been adopted by the [c]ourt." (J.A. 225).* However, the Eastern District of Virginia does not have a local rule or standing order adopting a slate of standard conditions of supervised release. *See* https://www.vaed.uscourts.gov/standing-orders [https://perma.cc/R7PL-TLU7] (last visited June 24, 2025). The district court also never explicitly stated that it was adopting the PSR's recommended conditions of supervised release, nor did the court incorporate the standard conditions set forth in United States Sentencing Guidelines Manual § 5D1.3(c),

---

* "J.A." refers to the joint appendix filed by the parties on appeal.

4

p.s.   This amounts to error under *Rogers* that requires the vacatur of Jones's "entire sentence and remand for full resentencing." *See United States v. Lassiter*, 96 F.4th 629, 640 (4th Cir.), *cert. denied*, 145 S. Ct. 208 (2024); *Smith*, 117 F.4th at 607 (finding *Rogers* error where court failed to incorporate standard conditions and instead "referred only to a standing order in the Eastern District of Virginia that did not exist").

In accordance with *Anders*, we have reviewed the entire record and have found no other meritorious grounds for appeal.  We therefore grant in part the Government's motion to dismiss, dismiss the appeal as to all waivable challenges to Jones's conviction, and otherwise affirm Jones's conviction.  In addition, we vacate Jones's sentence and remand for resentencing.  Finally, we deny counsel's motion to withdraw at this juncture.

This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review.  If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jones. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*

5

QUATTLEBAUM, Circuit Judge, concurring:

I concur in the decision to vacate and remand. As to the standard conditions, *United States v. Smith*, 117 F.4th 584, 607 (4th Cir. 2024) requires this result. I write to reiterate my concerns about our circuit's jurisprudence in this area. *See United States v. Kemp*, 88 F. 4th 539, 547–553 (4th Cir. 2023) (Quattlebaum, J., concurring). Requiring a full resentencing for the discrepancies in this case illustrates the problems with our approach. Despite those problems, I must go along with the remand for resentencing here but only because our circuit's precedent compels it.