**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4077**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM ONEIL MURRAY, III,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Stephanie D. Thacker, Circuit Judge, sitting by designation. (5:23-cr-00009-SDT-JCH-1)

Submitted: August 21, 2025                           Decided: August 26, 2025

Before WILKINSON, HARRIS, and RICHARDSON, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:** Andrew C. Graves, GRAVES WHETZEL LAW, PLLC, Harrisonburg, Virginia, for Appellant. S. Cagle Juhan, Assistant United States Attorney, Charlottesville, Virginia, Gordon Riley Worrell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Oneil Murray, III, appeals the $94,190 restitution sum the district court imposed following his guilty plea, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(1), (b)(1).  On appeal, Murray's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court erred in imposing the restitution sum.  Murray was informed of his right to file a pro se supplemental brief, but he has not done so. Invoking the appeal waiver in Murray's plea agreement, the Government moves to dismiss the appeal.

We review de novo the validity of an appeal waiver and "will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver."  *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016).  A waiver is valid if it is "knowing and voluntary."  *Id.* To determine whether a waiver is knowing and voluntary, "we consider the totality of the circumstances, including the experience and conduct of the defendant, his educational background, and his knowledge of the plea agreement and its terms."  *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).  Generally, "if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid."  *Id.* (internal quotation marks omitted).

Our review of the record confirms that Murray knowingly and voluntarily waived his right to appeal his sentence on any ground and any and all other issues in this case,

2

except for issues that cannot be waived by law.  We thus conclude that the appeal waiver is valid and enforceable as to counsel's challenge to the restitution sum.

In accordance with *Anders*, we also have reviewed the remainder of the record and have found no meritorious grounds for appeal.  We therefore grant the Government's motion and dismiss the appeal.  This court requires that counsel inform Murray, in writing, of the right to petition the Supreme Court of the United States for further review.  If Murray requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Murray.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*