**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 24-4227**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JORDALE KING,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of Maryland, at Baltimore. James K. Bredar, Senior District Judge. (1:20-cr-00255-JKB-1)

─────────────

Submitted:  April 28, 2026                   Decided:  May 4, 2026

─────────────

Before KING, AGEE, and WYNN, Circuit Judges.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Allen H. Orenberg, THE ORENBERG LAW FIRM, LLC, Rockville, Maryland, for Appellant. Erek L. Barron, United States Attorney, David C. Bornstein, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jordale King appeals from his criminal judgment entered following his guilty plea to possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced King within his advisory Sentencing Guidelines range to 96 months' imprisonment and three years of supervised release. For the following reasons, we dismiss King's appeal.

On appeal, King argues that the district court imposed a procedurally and substantively unreasonable sentence. King first argues that the sentence is substantively unreasonable because his 96-month sentence is greater than the parties' recommended sentence of between 70 and 75 months. King also argues that his sentence is procedurally unreasonable because the court refused to accept King's Fed. R. Crim. P. 11(c)(1)(C) plea agreement. The Government responds that King's appeal should be dismissed pursuant to the valid appeal waiver in his plea agreement. King contends that the appeal waiver is invalid because it was not knowing and voluntary.

We review de novo the validity of an appeal waiver. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018). Where the Government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if the record shows that it is valid and the issue being appealed falls within the waiver's scope. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). To be valid, the waiver must be knowing and voluntary. *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the

2

full significance of the waiver, the waiver is valid." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012).

Our review of the record confirms that King knowingly and intelligently waived his rights to appeal his conviction and sentence. Prior to the plea hearing, the parties had entered into a Fed. R. Crim. P. 11(c)(1)(B) agreement and, therefore, the district court's stated policy of rejecting Rule 11(c)(1)(C) agreements did not affect King's decision to plead guilty. We therefore conclude that the appeal waiver is valid and enforceable. Furthermore, the sentencing challenges raised by King on appeal fall within the waiver's scope.

Accordingly, we dismiss King's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*